UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br>v.<br>TWILIGHT HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:16-cv-02208-GMN-PAL<br><br>ORDER<br><br>(Mot WD Atty – ECF No. 57) |

This matter is before the court on Annie J. Kung's Motion to Withdraw as Counsel of Record for defendant Daly Property Management Corporation a/k/a Daly Management Corporation (ECF No. 57). The motion represents that defendant Daly Property Management ("Daly") has failed to fulfill the obligations with Kung & Brown, thereby resulting in irreconcilable differences.

Ms. Kung seeks leave to withdraw as counsel of record, citing Nevada Supreme Court Rules 46 and 166. These rules have been replaced by the Nevada Rules of Professional Responsibility, and motions to withdraw in federal court are governed by LR IA 11-6. The motion states in conclusory terms that withdrawal will not adversely affect the interests of the client, but does not indicate whether the client is prepared to retain substitute counsel in time to be prepared for the September 27, 2018 settlement conference which was set on June 18, 2018.

On June 30, 2018 the court granted the parties' stipulation, (ECF No 54) to stay responses to pending motions for summary judgment filed by BANA and the HOA until October 18, 2018, 21 days after the settlement conference.

A corporation cannot appear except through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046,

1053 (9th Cir. 2016). The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Ms. Kung's Motion to Withdraw (ECF No. 57) is **GRANTED**.
2. Defendant Daly shall have until **September 24, 2018** in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice.
3. Defendant Daly's failure to timely comply with this order by obtaining substitute counsel may result in the imposition of sanctions, which may include a recommendation to the District Judge for default judgment for Daly's failure to comply with this order and the requirement to be represented by counsel.
4. The Clerk of the Court shall serve the plaintiff with a copy of this order at the last known address:

   Attn: Rich Baron
   1875 Century Park East, Suite 700
   Los Angeles, CA 90067
   richbaron@me.com

DATED this 23nd day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE