# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )
                                    Plaintiff, )     Case No.: 2:16-cv-02208-GMN-PAL
vs. )
                                              )         **ORDER**
TWILIGHT HOMEOWNERS )
ASSOCIATION, *et al.*, )
                                              )
                                Defendants. )

Pending before the Court is the Motion for Reconsideration, (ECF No. 79), filed by Plaintiff Bank of America, N.A. ("BANA"). Defendant Twilight Homeowners Association ("HOA") filed a Response, (ECF No. 80), and BANA filed a Reply, (ECF No. 81).

Also pending before the Court is Counter-Claimant Daly Property Management's ("Daly's") Motion to Set Aside Default Judgment, (ECF No. 83). BANA filed a Response, (ECF No. 85), and Daly filed a Reply, (ECF No. 86).

For the reasons discussed below, the Court **DENIES** BANA's Motion for Reconsideration and Daly's Motion to Set Aside.

## I. BACKGROUND

This case arises from the non-judicial foreclosure sale of real property located at 5971 Crumbling Ridge Street, Henderson, Nevada 89011 (the "Property"). On December 10, 2018, the Court entered default judgment in favor of BANA and against Daly after Daly's failure to respond to the Court's Orders to Substitute Counsel and Show Cause, and its subsequent absence at the mandatory Settlement Conference. (*See* Report & Recommendation ("R&R"), ECF No. 66); (Order Adopting R&R ("Default J. Order"), ECF No. 71).

On March 30, 2019, this Court entered an Order granting HOA's Motion for Summary Judgment and Denying BANA's Motions for Summary Judgment and to Amend Default

Judgment. (Mot. Summ. J. Order ("MSJ Order"), ECF No. 77). For context, the Court now reviews the relevant factual history regarding the Summary Judgment Order and Order entering default judgment against Daly.

### A. Motion for Summary Judgment

The Court held that HOA's foreclosure sale extinguished BANA's DOT. (*Id.* 8:1–10:9). BANA attempted to preserve its interest by tendering the superpriority amount of HOA's lien. (*Id.*) Miles, Bauer, Bergstrom & Winters LLP ("Miles Bauer"), on behalf of BANA, calculated the superpriority amount by relying on a ledger that HOA's agent provided. (*See id.* 8:11–10:9). Miles Bauer tendered the amount of nine-months of common assessments ($243), but failed to tender accrued nuisance abatement fees ($200), which were not noted on the ledger. (*Id.* 8:11–10:9). The Court explained that BANA's tender was insufficient as a matter of law to satisfy the superpriority portion of HOA's lien. (*Id.* 9:9–10:9). BANA argued that, under *Bank of Am., N.A. v. SFR Invs. Pool 1,* LLC, 427 P.3d 113, 116 (Nev. 2018) ("*SFR*"), it was entitled to rely on the ledger HOA's agent sent in response to Miles Bauer's request for clarification of the superpriority amount. (*See id.*) The Court rejected BANA's argument because it found BANA had notice of the charges through the recorded notice of delinquent assessment lien; whereas, there was no indication in *SFR* that the borrower accrued nuisance abatement charges. (*Id.*)

### B. Entry of Default Judgment

Daly is the record owner of the Property, having purchased it by quitclaim deed from RBBE Real Estate Investments LLC, the foreclosure sale buyer. (*See* Trustee's Deed Upon Sale, Ex. I to BANA's MSJ, ECF No. 47-9); (Quitclaim Deed, Ex. K to BANA's MSJ, ECF No. 47-11). Daly has been a party to this action since BANA filed the Complaint. (*See* Compl., ECF No.1). BANA issued the Summons to Daly at 9743 West Oakmore Road, Los Angeles, CA 90035, the same address provided in the Quitclaim Deed. (*See* Summons Issued, ECF No. 5); (Quitclaim Deed).

Until August 23, 2018, Daly was represented by counsel. (*See* Order granting Mot. Withdraw, ECF No. 58). On October 3, 2018, the Court entered an Order to Show Cause requiring Daly, "to obtain substitute counsel; provide a confidential settlement conference statement; and attend the settlement conference." (Order Show Cause, ECF No. 59) (internal numbering omitted). Upon Daly's failure to respond to, comply with, or seek an extension regarding the Order to Show Cause, United States Magistrate Judge Peggy A. Leen entered the R&R recommending that default judgment be entered against Daly. (*See* R&R, ECF No. 66). Daly did not object, and the Court adopted the R&R in full. (Order Adopting R&R, ECF No. 71). Daly claims it never received the Order to Show Cause or the R&R because they were mailed to the incorrect address that its prior counsel provided in the Motion to Withdraw, 1875 Century Park East, Suite 700, Los Angeles, CA 90067, which has never been a correct address for Daly. (Mot. Set Aside 4:11–5:10, ECF No. 83).

Daly does not ask the Court to set aside default based on the notice deficiency. Rather it argues that it failed to respond to the Order to Show Cause because its chief executive officer, Dale Seltzer ("Seltzer"), suffered from depression following the death of his wife. (*Id.* 5:24–26). Additionally, its operations officer, Rich Baron ("Barron") was not aware of the Show Cause Order because it was mailed to the incorrect address, and Baron suffered serious injuries in a car accident in September of 2018. (*Id.* 4:14–24, 7:22–28). Daly primarily argues that the Court should set aside default "on the grounds of excusable neglect due to the deep depression suffered by DALY's CEO resulting from the death of his spouse of sixty (60) years." (*Id.* 5:24–26, 7:1–18).

## II. **LEGAL STANDARD**

### A. **Motion for Reconsideration**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). Thus, Rule 60(b) is not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

    **B.    Motion to Set Aside**

Upon proper motion, a court may relieve a party of a prior order for mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). In considering a motion to set aside a default judgment under Rule 60(b) of the Federal Rules of Civil Procedure, three factors should be evaluated: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In taking these factors into account, the court is sensitive to the principle that default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002).

**III.    <u>DISCUSSION</u>**

    **A.    Motion for Reconsideration**

BANA argues that the Court should reconsider its prior Order because new authority—*Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620 (9th Cir. 2019)

("*Arlington*")—would have changed the outcome. (Mot. Reconsider. 3:18–4:17).[1]  HOA responds that *Arlington* did not change the governing law on tender from *SFR*, which this Court considered in its prior Order.

The Court concludes that *Arlington* is not an intervening change in law that justifies reconsideration because it merely applied the Nevada Supreme Court's *SFR* decision.  In *Arlington*, the Ninth Circuit applied *SFR*'s holding that DOT holders may rely on an HOA ledger to calculate the nine months of common assessment fees included in the superpriority portion of an HOA's lien.  *Arlington*, 920 F.3d at 623.  Notably, in both *Arlington* and *SFR*, the borrowers had not incurred nuisance abatement fees; rather, nine months of common assessment fees was equal to the entire superpriority amount of the HOAs' liens.  Thus, whether the DOT holders could rely on the ledger to determine the borrowers' nuisance abatement fee delinquency—as opposed to just the sum of 9-months of common assessment fees—was not at issue.  *See id.* (explaining that HOA rejected tender because "it believed at the time of tender that the superpriority amount consisted of more than nine months of HOA dues and charges for maintenance and nuisance abatement.").

Nevertheless, the Court must acknowledge that *Arlington*, citing *SFR*, states, "[i]f the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient." *Id.*  Given the absence of any nuisance abatement fees in *Arlington*, particularly recorded nuisance abatement fees, the statement is only dictum.  This Court explained in its previous order that "in the present case, HOA recorded a notice of delinquent assessment lien against the Property that explicitly stated that the amount owing '*Includes Nuisance Abatement charge in the amount of $200.00.'" (MSJ Order 9:14–20).  The

---

[1] BANA also argues that, by statute, the nuisance abatement fees were not included in the superpriority portion of HOA's lien. (*Id.* 4:18–5:11).  The Court does not consider the argument because BANA could have raised it in its Motion for Summary Judgment but failed to do so. (*See 389 Orange Street Partners v. Arnold*, 179 F.3d 656,665 (9th Cir. 1999) (explaining it is not an abuse of discretion for the court to deny reconsideration for reasons that could have been, but were not, raised on summary judgment).

Court again finds that BANA could not rely on the ledger's omission of the charge; the notice of delinquent assessment lien provided it record notice thereof; and *Arlington* does not hold that BANA could rely on the ledger's omission of the charge.

### B. Motion to Set Aside

Daly argues that the Order granting default judgment should be set aside for excusable neglect because: (1) Daly did not receive the Court's Orders; (2) Seltzer, Daly's chief executive officer, was "extremely depressed" around the time of the events leading to entry of default because his wife had just passed away; and (3) Baron, Daly's operations officer, was in a serious car accident around the same time and did not know about the Orders because of the mailing defect. (*See* Mot. Set Aside 7:1–28). BANA argues that Daly is not entitled to 60(b) relief because Daly has not demonstrated excusable neglect. (BANA's Resp. Mot. Set Aside, 3:8–25).

The Court concludes that although Daly's representatives underwent significant personal hardship during the pendency of this lawsuit, its failure to respond to the Court's Orders was not due to excusable neglect. Daly alleges that Baron was not aware of the Court's Orders. (Mot. Set Aside 7:7–21). However, it does not argue that Seltzer was similarly unaware. (*Id.*). To the contrary, Daly notes that "[b]etween September 2016 and December 2018, [Seltzer] was very actively involved in the daily operations of Daly, including the management of this lawsuit." (*Id.* 7:11–12). But Seltzer "became extremely depressed and became very reclusive and stopped engaging in normal daily functions" following the death of his wife. (*Id.*). While the Court is sympathetic to Daly's argument, Seltzer's grief does not excuse Daly's noncompliance with the Court's Orders, which were entered in October and November of 2018. (*See* Min. Orders ECF Nos. 61, 66). Accordingly, the Court finds that there is not good cause to excuse Daly's neglect.

//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Reconsideration, (ECF No. 79), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Set Aside Default Judgment, (ECF No. 83), is **DENIED**.

**DATED** this __20__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court